| iBARRY, Judge,
dissents with reasons.
The accident site (part of the street) is adjacent to defendant’s small corner property which contains several commercial businesses. Vehicles drive over the accident site to park next to the businesses.
Mr. Applewhite’s deposition states that he maintained his parking area, but not the street where the metal grating and concrete had deteriorated. His statement that the street area (at the accident site) had not changed since he purchased the property 20 years ago is questionable due to the vehicular traffic moving to and from his parking area. Photos in evidence substantiate the poor condition of the street.
Jurisprudentially, under a negligence theory an abutting property owner (as here) is not liable unless he/she contributed or caused a defect on adjacent property. Ehrman v. Holiday Inns, Inc., 94-0312 (La. 3/29/95), 653 So.2d 732, writs denied, 95-1051 and 95-1058 (La. 6/16/95), 655 So.2d 343.
*106 Plaintiffs allegations are accepted as true and given the benefit of any doubt when there is a conflict. Plaintiff does not have the burden of proof on a motion for summary judgment. Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991).
The majority refers to “evidence.” This matter concerns a motion for summary judgment and the trial court considers the facts and “inferences to be drawn from the underlying facts contained in the materials before the court ...” Id. at 345.
^Whether automobile traffic which entered defendant’s property caused the accident site to deteriorate is a material question of fact. I would reverse the summary judgment.